**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS WAYNE DAVIES,** | : | **No. 3:05cv1685** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **PENNSYLVANIA CAPITOL** | : | |
| **POLICE DEPARTMENT,** | : | |
| **DEPARTMENT OF GENERAL** | : | |
| **SERVICES and** | : | |
| **GREGORY GREEN,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

_____Before the court for disposition are a motion to remand filed by the plaintiff and a motion to dismiss filed by the defendants in this civil rights in employment action. The matters have been fully briefed and are ripe for disposition.

**Background**[1]

Defendant Pennsylvania Capitol Police Department (PCPD) employs the Plaintiff Thomas Wayne Davies as a police sergeant. Plaintiff has worked for PCPD for eighteen years. His employment with the PCPD is covered by a collective bargaining agreement. Plaintiff asserts that he was forced to leave his position as sergeant on May 27, 2005 without "just cause." Plaintiff filed the instant four-count complaint alleging the following: 1) Count I, Due Process violation, pre- and post-deprivation rights, under 42 U.S.C. § 1983; 2) Count II, violation of plaintiff's constitutional right to be free from injury to reputation under 42 U.S.C. § 1983; 3) Count III, a state law tort claim for defamation/false light; and 4) Count IV, defamation. Plaintiff filed his complaint in the Court of Common Pleas for Lackawanna County on July 21, 2005.

On July 18, 2005, defendants removed the action to this court based upon federal

---

[1]The background facts are derived from plaintiff's complaint.

question jurisdiction as half of the complaint's counts are based upon federal law.[2]
Subsequently, the plaintiff filed a motion to remand the action to state court, and the
defendant filed a motion to dismiss.  We will address each motion, starting with the
motion to remand.

## I. Motion To Remand

Plaintiff has moved to remand this action to state court on the basis that the
Pennsylvania Capitol Police Department is protected by Eleventh Amendment immunity
from suit in federal court.  The defendants agree that generally Eleventh Amendment
immunity bars suit against a state or its agencies in federal court.[3]  They contend,
however, that where the state removes the case to federal court, a waiver of the immunity
is effected and the suit may proceed.  After a careful review, we agree with the
defendants.

The United States Supreme Court has addressed the issue of whether a state
waives its Eleventh Amendment immunity by removing a case from state court to federal
court.  See Lapides v. Board of Regents of the Univ. Sys. of Georgia, 535 U.S. 613
(2002).  In that case, the United States Supreme Court held that the State of Georgia
waived Eleventh Amendment immunity by removing an action filed in state court to

---

[2]A defendant can remove a civil action commenced in state court to federal district
court when the federal court has original jurisdiction over the matter. 28 U.S.C.  § 1441.
Once a case is removed, the federal court has the power to exercise supplemental
jurisdiction over state law claims arising out of the same case or controversy as the
federal claims.  28 U.S.C.  § 1367.

[3]The Eleventh Amendment provides: "The Judicial power of the United States
shall not be construed to extend to any suit in law or equity, commenced or prosecuted
against one of the United States by Citizens of another State or by Citizens of any
Foreign State." U.S. CONST. amend. XI.  The Supreme Court has interpreted the
Eleventh Amendment to also bar suits against a State brought by its own citizen as is the
situation in the instant case.  Hans v. Louisiana, 134 U.S. 1 (1890) *cited in* Lapides v.
Board of Regents of the Univ. Sys. of Georgia, 535 U.S. 613, 618 (2002).

2

federal court.  Id. at 620.  Accordingly, we find that likewise, in this case, the state

waived its Eleventh Amendment immunity by removing the case to this court.[4]

In support of his position that the case should be remanded, the plaintiff relies

upon Brierly v. Pennsylvania Dept. of Transportation, Civ.A.No. 92-4573,  1992 WL

372327  (E.D. Pa. Dec. 8, 1992).  We find the plaintiff's reliance on this district court

case unpersuasive as it was decided prior to the United States Supreme Court decision

addressing the precise issue with which we are faced.

Accordingly, for these reasons, the plaintiff's motion to remand the action to the

Court of Common Pleas of Lackawanna County Pennsylvania will be denied.  We now

turn our attention to the defendants' motion to dismiss.

## II.  Motion to dismiss

## Standard of review

Defendants have moved to dismiss the complaint 12(b)(6) of the Federal Rules of

Civil Procedure.[5]

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are

tested.  The issue is whether the facts alleged in the complaint, if true, support a claim

upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept

as true all factual allegations in the complaint and give the pleader the benefit of all

_____

[4]Although, the causes of action in Lapides were all based upon state law, unlike
the federal law issues involved in the instant case, we find the reasoning of Lapides
applies equally whether the basis of the law suit is state law or federal law as the Court
focused on the action of the State in voluntarily asserting federal jurisdiction, not upon
the nature of the action.

[5]Defendants motion also cites Rule 12(b)(1) as a basis for dismissal of this action.
Rule 12(b)(1) involves dismissal for lack of subject matter jurisdiction.  Defendants have
not briefed any jurisdictional issues in their motion to dismiss. Therefore, to the extent
that motion seeks dismissal on the basis of lack of subject matter jurisdiction, it will be
denied.

reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Defendants raise three different issues in their motion to dismiss, which we will address *in seriatim*.

**Discussion**

**1.  Are the defendants "persons" as to section 1983 liability?**

As noted above, the plaintiff has brought suit pursuant to section 1983.  In pertinent part, section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Thus, to establish a claim under section 1983, two criteria must be met.  First, the conduct complained of must have been committed by a "person" acting under color of state law.  Second, the conduct must deprive the complainant of rights secured under the Constitution or federal law.  Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998).

Defendants argue that they are not "persons" under section 1983 and the section 1983 claims against them should be dismissed.  We agree in part.

The United States Supreme Court has held that as far as liability for monetary damages under section 1983, States are not persons.  Will v. Michigan Dept. Of State Police, 491 U.S. 58, 63 (1989); Hafer v. Melo, 502 U.S. 21, 25-27(1991).  The section 1983 claim asserted against the PCPD and the Department of General Services will be dismissed.

4

State officials, however, acting in their official capacity are persons under section 1983 when sued for injunctive relief.  Will, 502 U.S. at 71, n.10.  Therefore, the section 1983 claim will not be dismissed to the extent that plaintiff seeks to receive injunctive relief from Defendant Green in his official capacity.[6]

**2.  State Law Claims**

Defendants next claim that plaintiff's state law tort claims against all defendants should be dismissed because defendants enjoy sovereign immunity. Plaintiff claims that it is too early to dismiss these claims without discovery.  We agree with the plaintiff.

Plaintiff's complaint sets forth claims for several torts including defamation and "false light."  The law provides that officials and employees of Pennsylvania are immune from suit for actions taken within the scope of their duties.  1 PENN. CONS. STAT. § 2310.[7]  It is too early at this point to determine whether Defendant Green's actions were taken within the scope of his duties.  Therefore, we will deny the motion to dismiss with regard to the state law claims without prejudice to the defendant raising the issue again at the summary judgment stage, if appropriate.

**3.  Does plaintiff's complaint fail to state a section 1983 claim against Defendant Gregory Green in his individual capacity?**

Defendants next argue that the complaint fails to state a section 1983 claim against Defendant Gregory Green in his individual capacity because the complaint does not allege his personal involvement.  After a careful review, we are in agreement, but we shall allow the plaintiff twenty (20) days to file an amended complaint to properly plead a cause of action against Defendant Green.

---

[6]The complaint appears to seek injunctive relief in the form of reinstatement, reformation of plaintiff's employment records and letters of good reference.  (Doc. 1).

[7]Nine exceptions to the general rule exist.  See 42 PENN. CONS. STAT. § 8522(b). None of those exceptions are at issue in the instant case.

The law provides the a defendant in a section 1983 action must have personal involvement in the alleged wrongdoing.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988).  Such involvement can be demonstrated through personal direction or actual knowledge and acquiescence. Id.  "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Id.  In other words, a civil rights complaint must aver the personal involvement of each of the individual defendants in each constitutional violation.

Plaintiff's complaint does not aver with the sufficient particularity Defendant Green's involvement.  He is mentioned once in the complaint and then categorized and referred to collectively with the other defendants as "defendants."  Dismissal of the complaint for this inadequacy, however, would be inappropriate.  "[I]f a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  Here an amendment could cure the deficiencies of the complaint with regard to Defendant Green.  Accordingly, we will grant the plaintiff twenty (20) days to file an amended complaint properly pleading a cause of action against Defendant Green.

**Conclusion**

For the above mentioned reasons, plaintiff's motion to remand will be denied. Additionally, the motion to dismiss with respect to the Pennsylvania Capitol Police Department and the Department of General Services will be granted.  The plaintiff will be granted twenty (20) days to file an amended complaint to properly assert a section 1983 claim against Defendant Green.  The motion to dismiss will be denied in all other respects.  An appropriate order follows.

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS WAYNE DAVIES,** | : | No. 3:05cv1685 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **PENNSYLVANIA CAPITOL** | : | |
| **POLICE DEPARTMENT,** | : | |
| **DEPARTMENT OF GENERAL** | : | |
| **SERVICES and** | : | |
| **GREGORY GREEN,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

_____**AND NOW**, to wit, this 1st day of February 2006, it is hereby **ORDERED** as follows:

1) Plaintiff's motion for remand (Doc. 2) is **DENIED**;

2) Defendants' motion to dismiss (Doc. 3) is **GRANTED** in part and **DENIED** in part; the motion is granted to the extent that Pennsylvania Capitol Police Department and the Department of General Services are **DISMISSED** from this action.  Defendant Green in his official capacity remains a party as to the injunctive relief sought under section 1983 and as to the state law tort claims.

3) Additionally, plaintiff is ordered to file an amended complaint within twenty (20) days properly alleging Defendant Green's personal involvement in the alleged section 1983 violations.  If no amended complaint is filed within twenty (20) days, the section 1983 claims against Defendant Green will be dismissed.

BY THE COURT:


s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

7